UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at KNOXVILLE

| | | |
|---|---|---|
| MAJOR A. SPAULDING | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 3:05-cv-324 |
| | ) | 3:01-cr-018 |
| | ) | *Jordan* |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Respondent. | ) | |

## **MEMORANDUM**

This is a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 filed by petitioner Major A. Spaulding ("Spaulding"). The government moves to dismiss the § 2255 motion as time-barred. There are also pending two motions by Spaulding to supplement the § 2255 motion with additional caselaw. Spaulding's motions to supplement [Court File Nos. 11 and 13] will be **GRANTED**. For the following reasons, the government's motion to dismiss [Court File No. 8] will be **GRANTED**, the § 2255 motion will be **DENIED** as time-barred, and this action will be **DISMISSED**.

Spaulding pleaded guilty to conspiracy to distribute and possess with intent to distribute five kilograms or more of a mixture and substance containing a detectable amount of cocaine hydrochloride, in violation of 21 U.S.C. §§ 841(a)(1) and 846. He was subject to a mandatory minimum sentence of ten years under 21 U.S.C. § 841(b)(1)(A). Relevant conduct attributed to Spaulding indicated he was responsible for at least 15 kilograms, but less than 50 kilograms, of cocaine. [Criminal Action No. 3:01-cr-18, Presentence Investigation Report, p. 4, ¶ 9]. Under the sentencing guidelines, Spaulding's base offense level was thus 34. U.S.S.G. § 2D1.1(c)(3). In addition, Spaulding received a three-level enhancement for his role in the offense, *id.* § 3B1.1(b), and a three-level reduction for acceptance of responsibility, *id.* § 3E1.1(a). The government sought, but the court refused, an additional two-level enhancement for possession of a firearm, *id.* § 2D1.1(b)(1).

Based upon a total offense level of 34 and a criminal history category of I, Spaulding's guideline sentence range was 151 to 188 months. By judgment entered September 7, 2001, he was sentenced to a term of imprisonment of 151 months, at the lower end of the guideline range. Spaulding did not appeal his conviction or sentence. He filed his § 2255 motion on June 27, 2005.

Section 2255 provides for a one-year statute of limitation in which to file a motion to vacate sentence. The limitation period generally runs from the date on which the judgment of conviction becomes final. In the event a petitioner does not file a direct appeal, the statute of limitation commences when the time for filing a direct appeal has elapsed. *Sanchez-Castellano v. United States*, 358 F.3d 424 (6th Cir. 2004) ("[A]n unappealed federal criminal

2

judgment becomes final ten days after it is entered, for purposes of the § 2255 statute of limitations, at least where there has been no district court extension of appeal time for good cause or excusable neglect.").

Spaulding acknowledges that his § 2255 motion was not filed within the one-year statute of limitation. He contends, however, his motion should be allowed under the doctrine of equitable tolling. The Sixth Circuit has found that the AEDPA's one year limitation period is subject to equitable tolling because it is a statute of limitation, not a jurisdictional bar. *Dunlap v. United States*, 250 F.3d 1001, 1004-07 (6th Cir. 2001).

Spaulding has the burden of demonstrating that he is entitled to equitable tolling. *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004) (citations omitted). In addition, "[t]he doctrine of equitable tolling is applied sparingly by federal courts," and is typically used "only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Vroman v. Brigano*, 346 F.3d 598, 604 (6th Cir. 2003) (citations and internal quotations marks omitted).

Spaulding's plea agreement contained the following waiver:

> The defendant will not file any motions or pleadings pursuant to 28 U.S.C. § 2255 except for a claim of ineffective assistance of counsel or prosecutorial misconduct. Thus, the defendant knowingly, intentionally, and voluntarily waives his right to collaterally attack the plea being offered in the instant case except for a claim of ineffective assistance of counsel or prosecutorial misconduct. Nothing contained herein shall prevent the defendant from filing a claim under 28 U.S.C. § 2255 in the event that a change in the law as it exists at the time of entering into this plea agreement renders the defendant actually innocent of a charge covered hereunder, or in the event that a subsequent change in case law renders the defendant's action not a violation of law.

3

[Criminal Action No. 3:01-cr-18, Court File No. 23, Plea Agreement, p. 5, ¶ 14].

Spaulding was represented by Bruce E. Poston. Spaulding claims that after his sentencing he asked Mr. Poston to appeal the three-level enhancement for his role in the offense. According to Spaulding, Mr. Poston misinformed him that under the plea agreement, specifically the foregoing waiver, Spaulding could not appeal to the Sixth Circuit except for allegations of ineffective assistance of counsel, prosecutorial misconduct, or a change in the law. Mr. Poston allegedly failed to made any distinction between a direct appeal and a collateral review.

Spaulding further alleges that it was only after researching the possibility of filing a § 2255 motion as a result of the Supreme Court decision in *United States v. Booker*, 543 U.S. 220 (2005), that he discovered Mr. Poston's advice was erroneous and he could have appealed his sentence. Spaulding therefore contends that he is entitled to equitable tolling of the statute of limitation based upon Mr. Poston's misleading advice. Spaulding also alleges that the misinformation by his attorney as well as his attorney's failure to appeal constituted ineffective assistance of counsel and thus grounds for relief under § 2255.

In *Ludwig v. United States*, 162 F.3d 456 (6th Cir. 1998), the Sixth Circuit held that "failure to perfect a direct appeal, in derogation of a defendant's actual request, is a *per se* violation of the Sixth Amendment." *Id*. at 459. The Sixth Circuit emphasized, however, "that a defendant's actual 'request' is still a critical element in the Sixth Amendment Analysis. The Constitution does not require lawyers to advise their clients of the right to appeal." *Id*. *See also Regalado v. United States*, 334 F.3d 520, 524-526 (6th Cir. 2003) (failure to file an

appeal is not ineffective assistance of counsel where attorney was not specifically instructed to do so).

In support of the motion to dismiss, the government has submitted the affidavit of Mr. Poston. [Court File No. 8, Motion to Dismiss, Attachment No. 1, Affidavit of Bruce E. Poston]. Mr. Poston testifies that he advised Spaulding of the three instances wherein he could challenge his conviction (ineffective assistance of counsel, prosecutorial misconduct, and change in the law) and denies advising Spaulding that he could not appeal his sentence because of his plea agreement. [*Id*. at 1, ¶ 4]. Mr. Poston further testifies that Spaulding never asked him to appeal his sentence, either in general or the three-level enhancement; after a discussion, they had agreed not to appeal the leadership enhancement if they won on the gun enhancement. [*Id*. at 2, ¶ 5]. Spaulding has submitted his counter-affidavit, in which he reiterates that he asked Mr. Poston to appeal his sentence. [Court File No. 10, Counter-Affidavit of Major A. Spaulding].

The court finds Mr. Poston's testimony to be the more credible on the issue of whether Spaulding instructed him to file an appeal. Had Spaulding appealed the three-level enhancement for role in the offense, there is a strong likelihood the government would have appealed the denial of a two-level enhancement for possession of a firearm. After imposing sentence, the court itself advised Spaulding in that regard:

> You have 10 days within which to appeal this to the Court of Appeals, and your lawyer may want to do that. I don't know.
>
> Remember too that the United States Attorney has a right to appeal, as well, on the question of the firearm.. I have seen people go to the Court of

> Appeals seeking a reduction in a sentence because of the enhancement and getting hit again with another enhancement that the Court refused to grant. Your lawyer knows all that. I don't know what [AUSA] Folmar will do, but I have seen him to it. He doesn't agree with me here . I think I am right. I think there is more than ample punishment for you, certainly....

[Criminal Action No. 3:01-cr-18, Court File No. 38, Transcript of Proceedings, p. 22].

Because the court denied the two-level firearm enhancement, Mr. Poston asked the court to instruct the Probation Office to amend the Presentence Report to exclude mention of the firearm. The reason for the request, which the court granted, was to allow Spaulding to receive credit for participation in the drug abuse program. At that time, with respect to the possibility of appeal, Mr. Poston stated as follows: "We also discussed that, Mr. Spaulding and I, and I told him and I will tell Mr. Folmar, we won't, if he won't." [*Id*. at 23-24]. Under the circumstance, Spaulding is not entitled to equitable tolling of the statute of limitation based upon his attorney's alleged misinformation as to the availability of an appeal.

Spaulding also alleges his sentence should be vacated pursuant to the relatively recent Supreme Court decisions in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), *Blakely v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker*, 543 U.S. 220 (2005). He specifically refers to the fact that the findings which supported the enhancement for his role in the offense were not found by a jury but rather by the trial judge.

Spaulding's *Apprendi* claim is, of course, time-barred. To the extent Spaulding contends that the court should consider his claims under *Blakely* and *Booker* because they set forth rights newly recognized by the Supreme Court, there is no reason to apply *Blakely* retroactively to a § 2255 motion such as Spaulding's. *See, e.g., In Re Dean*, 375 F.3d 1287

(11th Cir. 2004). "No court has yet determined whether *Blakely* created a new rule of constitutional law made retroactive to cases on collateral review." *Id*. at 1290 (citation omitted).

In addition, any claim pursuant to *Blakely* is now governed by the Supreme Court's intervening decision in *Booker*, which applied the reasoning in *Blakely* to the federal sentencing guidelines. The Sixth Circuit has held that *Booker* "does not apply retroactively in collateral proceedings." *Humphress v. United States*, 398 F.3d 855, 860 (6th Cir.), *cert. denied*, 546 U.S. 885 (2005). *See also Valentine v. United States*, 488 F.3d 325, 330 (6th Cir. 2007), *cert. denied*, 128 S. Ct. 1311 (2008) ("We hold that petitioners whose convictions became final prior to *Booker* may not rely on *Booker*'s rule on collateral review.").

Based upon the foregoing, Spaulding's motion to vacate, set aside or correct sentence will be **DENIED** as time-barred. This action will be **DISMISSED**. In addition to the above, this court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this court will **DENY** Spaulding leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure. Spaulding having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

    **AN APPROPRIATE ORDER WILL ENTER.**

s/ Leon Jordan<br>United States District Judge